UNITED STATES BANKRUPTCY COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

IN RE: )
) Case No. 19-91065
THE ART FILM FOUNDATION, NFP ) Chapter 7

## MOTION FOR RELIEF FROM AUTOMATIC STAY

NOW COMES DAVID A. KRAFT, (hereafter "KRAFT"), by his attorney, JOSEPH P. CHAMLEY of EVANS, FROEHLICH, BETH & CHAMLEY, Champaign, Illinois, and for its MOTION FOR RELIEF FROM AUTOMATIC STAY, states as follows:

### LEASE OF THEATRE

1. That at the time of the filing of the Petition in this case (November 5, 2019), KRAFT was the owner of certain real estate described as follows:

    126 West Church Street, Champaign, IL (not including second story)

    together with all personal property and improvements located thereon (including but not limited to 248 theater seats, 209 10-inch opaque red Snap-Lok marquee letters and numbers, one ticket desk, and one concession counter) and rights to the trade names "Art Theatre" and "Art Theater", (Hereafter collectively "Theatre")

2. Said Theatre was the subject of a Commercial Lease and Security Agreement dated August 25, 2017, with KRAFT as Lessor and THE ART FILM FOUNDATION, NFP, as Lessee. A copy of said Commercial Lease and Security Agreement is attached and incorporated as Exhibit A; a copy of the UCC Financing Statements are attached and incorporated as Group Exhibit B.

3. That as of the filing of this Motion, Debtor is delinquent for the November and December 2019 rent totaling $9,904.48. Upon information and belief, Debtor deposited $4,000.00 as damage deposit with KRAFT.

4. That Section 502 of the Bankruptcy Code allows commercial landlords to claim up to one year of unpaid rent or 15% of the total rent remaining under the full term of the Lease.

5. That one year of rent and 15% of rent remaining will both be approximately $60,000.00.

6. That Debtor's representatives testified at the Meeting of Creditors the assets are worth $20,000.00 to $30,000.00.

7.      That the aforementioned property is burdensome to the estate, or in the alternative, is of inconsequential value and benefit to the estate.

8.      That the Trustee has <u>not</u> assumed the Lease.

## COMMERCIAL PERSONAL PROPERTY

9.      That at the time of the filing of the Petition in this case, upon information and belief, THE ART FILM FOUNDATION, NFP, may be the owners of:

> all inventory, equipment, accounts, chattel paper, electronic chattel paper, instruments, investment property, money, other rights to payment and performance, attachments, accessions, accessories, fittings, tools, parts, repairs, supplies, and commingled goods relating to the foregoing property; and all additions, replacements of and substitutions for all or any part of the foregoing property. all insurance refunds relating to the foregoing property; whether now existing or hereafter arising, whether now owned or hereafter acquired or whether now or hereafter subject to any rights in the foregoing property (Hereafter "Collateral")

10.     Said Collateral was the subject of a Commercial Lease and Security Agreement dated August 25, 2017, with KRAFT as Lessor and THE ART FILM FOUNDATION, NFP, as Lessee. A copy of said Commercial Lease and Security Agreement is attached and incorporated as Exhibit A; a copy of the UCC Financing Statements are attached and incorporated as Group Exhibit B.

11.     That as of the filing of this Motion, Debtor is delinquent for the November and December 2019 rent totaling $9,904.48. Upon information and belief, Debtor deposited $4,000.00 as damage deposit with KRAFT.

12.     That Section 502 of the Bankruptcy Code allows commercial landlords to claim up to one year of unpaid rent or 15% of the total rent remaining under the full term of the Lease.

13.     That one year of rent and 15% of rent remaining will both be approximately $60,000.00.

14.     That Debtor's representatives testified at the Meeting of Creditors the assets are worth $20,000.00 to $30,000.00.

15.     That the aforementioned Theatre and Collateral is burdensome to the estate, or in the alternative, is of inconsequential value and benefit to the estate.

WHEREFORE, DAVID A. KRAFT prays that this Court modify the Automatic Stay accordingly to allow DAVID A. KRAFT to exercise its rights and security interests in said Theatre and Collateral and order the 14-day stay after entry of this Order to be waived.

Dated: December 23, 2019

Respectfully submitted,
DAVID A. KRAFT,

BY: /s/ Joseph P. Chamley
JOSEPH P. CHAMLEY

STATE OF ILLINOIS )
)
COUNTY OF CHAMPAIGN )

JOSEPH P. CHAMLEY, being first duly sworn, says that he has read the foregoing Motion for Relief from Automatic Stay and that the statements therein are true.

BY: /s/ Joseph P. Chamley
JOSEPH P. CHAMLEY

## CERTIFICATE OF SERVICE

The undersigned certifies that the above instrument was filed electronically with the Court on December 23, 2019, and that he has determined that the following persons are registered with the Court for electronic filing, and, therefore, will be sent a copy of the pleading by the Court:

U. S. Trustee
Chapter 7 Trustee Kristin Wilson
Cristina M. Manuel

And that a copy of this MOTION FOR RELIEF FROM AUTOMATIC STAY is being mailed to the Debtor on the 23th day of December, 2019, by regular, U.S. Mail with postage prepaid.

THE ART FILM FOUNDATION NFP
PO BOX 1151
CHAMPAIGN IL 61824

BY: /s/ Joseph P. Chamley
JOSEPH P. CHAMLEY

Prepared by:
JOSEPH P. CHAMLEY
EVANS, FROEHLICH, BETH & CHAMLEY
44 Main Street, Suite 310
Champaign, IL 61820
Tele: 217/359-6494